# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**JUDE ALEXIS,**
**D.O.C. # M33469,**

    **Plaintiff,**

vs.                                                           Case No. 4:19cv259-AW-MAF

**MARK S. INCH, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, initiated this case by submitting a habeas corpus petition pursuant to § 2241. ECF No. 1. After review by United States Magistrate Judge Elizabeth M. Timothy, an Order was entered finding that Plaintiff's case was "properly brought as a civil rights action, not a habeas corpus action." ECF No. 4. Plaintiff was required to file an amended complaint on the court provided form and directed to either file an in forma pauperis motion or pay the filing fee for a civil rights case. ECF No. 4. Subsequently, Plaintiff filed an amended complaint, ECF No. 6, and this case was then reassigned. ECF No. 8.

After review of Plaintiff's amended complaint, ECF No. 6, an Order was entered which explained that Plaintiff's allegations were too vague to proceed and failed to state a claim upon which relief may be granted. ECF No. 13. Plaintiff was advised that if he desired to pursue this case and believed there was a basis to do so, he must file a second amended complaint no later than June 8, 2020. *Id.* Plaintiff was warned that if he failed to comply, a recommendation would be made to dismiss this case. *Id.* No response to that Order has been received, despite the warning to Plaintiff. It appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. See <u>Ciosek v. Ashley</u>, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . ." <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in <u>Betty K Agencies, Ltd. v. M/V MONADA</u>, 432 F.3d 1333, 1337

(11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Because Plaintiff did not comply with a Court Order and has failed to prosecute this case, dismissal is now appropriate.

**Recommendation**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on October 6, 2020.

 S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:19cv259-AW-MAF